UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
JAMESON ENTERPRISES, INC. D/B/A
JAMESON'S PUB AND RESTAURANT and
PATRICK J. KENNEDY,

                         Plaintiffs,

        -against-

B.C. FLYNN CONTRACTING CORP. A/K/A
B.C. FLYNN CONTRACTING CORP D/B/A
FLYNN CONTRACTING CORPORATION

                         Defendant.
-----------------------------------------------------------------X

Case No. 302CV409(MRK)

**REPLY TO OBJECTION TO**
**MOTION IN LIMINE**

      Defendant hereby respectfully replies to plaintiffs' objection to defendant's motion *in limine,* which seeks to preclude any evidence of plaintiffs' alleged lost profits on the grounds that the same were not foreseeable, and not within the contemplation of the parties at the time of contract.

      As an initial matter, this court should not consider any objection submitted by plaintiffs in view of the fact that the objection was submitted in an untimely manner, without motion, nor representation of excusable neglect as required by Fed. R. Civ. P. 6(b)(2). In fact, plaintiffs provided no excuse for failing to timely file objection to defendants' motion, and as such, any objection should be disregarded.

      At the outset of its objection, plaintiffs assert that defendant was aware of the potential for eviction. However, plaintiffs fail to supply any support for this allegation other than counsel's statement. Also, plaintiffs' reliance upon <u>Mid-America Tablewares, Inc. v. Mogi Trading Company,</u> 100 F.3d 1353, 1362 (7th Cir. 1996) is misplaced given the fact that the court in that matter was applying Wisconsin law. As such, the solution to this issue need not turn on the specific facts established at trial, as per Wisconsin law, and can be determined prior

to trial.

Within its objection, plaintiffs make much ado about the Supreme Court's ruling in <u>Ambrigio v.Beaver Road Associates</u>, 267 Conn. 148, 836 A2d 1183 (2003). However, plaintiffs conveniently omit several poignant statements within the ruling. Specifically, the Court in <u>Ambrigio at 153</u> noted within footnote three (3) "we construe the Appellate Court's remand to include the requirement that the plaintiff prove, not only the amount of the lost profits, ***but that such profits were within the reasonable contemplation of the parties when they entered into the contract.***" (Emphasis added). As counsel correctly indicates within its objection, the issue of foreseeability is properly before this court on defendants' motion.

In looking at <u>West Haven Sound Development Corp. v. West Haven</u>, *supra*, 201 Conn. at 319, 514 A2d 734, quoting <u>Hadley v. Baxendale</u>, 9 Ex. 341, 354, 156 Eng. Rep. 145 (1854), the court notes that traditionally, consequential damages include "any loss that may fairly and reasonably be considered as arising naturally, i.e., according to the usual course of things from such breach of contract itself. Failure of a business, is without question, not the natural consequence of the breach of contract for wrapping of a duct exhaust system.

This matter requires a common sense determination, and the court in <u>State v. Zayas</u>, 195 Conn. 611, 620, 490 A2d 68 (1985) noted that "it is an abiding principal of *jurisprudence* that common sense does not take flight when one enters a court room". In the instant matter, the court must endeavor to use common sense to determine whether it was reasonably foreseeable for defendants to assume that an improperly installed duct wrapping system would lead to the demise of an entire business.

Moreover, it has long been held that:

> A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty. The rule that damages must be within the contemplation of the parties is a rule of foreseeability. The party breaching the contract is liable for those risks foreseen or which should have been foreseen at the time the contract was made. The breaching party may not have foreseen the breach itself, however, or the particular way the loss came about. It is only necessary that the loss from a breach is foreseeable and probable (see, Restatement [Second] of Contracts §351; 3 Farnsworth, Contracts §12.14 [2d Ed.1990] ).

Additionally, counsel for plaintiffs sites to Professor Williston's Treatise, which includes the statement "if a defect is remediable from a practical standpoint, recovery generally will be based on the market price of completing or correcting the performance...". In the instant matter, if defendant had ever been made aware of the alleged defect, it could have easily corrected any further code violation, without any interruption of plaintiffs business or further incurrence of expense.

Next plaintiffs turn to the issue of contract interpretation. In citing to *Hanson v. Ohio Casualty Insurance Company*, 239 Conn. 537, 544, 687 A2d 1272 (1996) plaintiffs contend that an engagement letter drafted by defendant is thus to be construed against defendant. However, what plaintiffs fail to disclose is that the court was specifically discussing ambiguities contained within the engagement letter. In the instant matter, there are no ambiguities. It is clear, that based upon all the circumstances to be taken into consideration, defendants could not reasonably have foreseen this as a probable outcome of any defective installation. Secondly, plaintiffs argue that defendant could have limited its liability had it desired to do so. Defendant discussed this issue at length within its moving papers, and noted that the lack of certain terms

and conditions, and the length of a contract are sometimes construed by the court to infer the lack of assumption of certain risks.

As the court is aware, this project was taken on by defendant at the eleventh (11th) hour at the urging of plaintiffs, who had found themselves to be in a desperate situation. Despite plaintiffs' assertions to the contrary, defendant did not know and could not have known that any defective installation would result in the demise of the business. At most, it could be assumed that had there been any defect in the installation of the equipment, defendant would have been required to remediate any alleged defect.

Finally, defendant is not swayed by plaintiffs' whimsical query, as we are not here to address situations that did not occur, nor possibilities that "might have been", but are dealing with a real fact pattern, which involves the sole issue of foreseeability.

In view of the foregoing, defendant's motion to exclude introduction of evidence in support of lost profits should be granted in its entirety.

WELBY, BRADY & GREENBLATT, LLP

By _____
Paul Ryan ct19433
Attorneys for Defendant
200 Sound Beach Ave. P.O. Box 622
Old Greenwich, CT 06870
203 637-1044

- 4 -

## **CERTIFICATION**

The undersigned hereby certifies that a copy hereof was sent by facsimile and first class mail, postage pre-paid, this 10th day of March 2004, to:

Philip D. Russell
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06836
203-661-4200

                                                    Paul G. Ryan