UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
APR 1 3 13 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

-----------------------------------------------------------x
JAMESON ENTERPRISES, INC. d/b/a           :
JAMESON'S PUB AND RESTAURANT and          :
PATRICK J. KENNEDY                        :
                                          :
          Plaintiffs                      :    CASE NO. 3:02CV409 (MRK)
                                          :
     vs.                                  :
                                          :
B.C. FLYNN CONTRACTING CORP.Q             :
a/k/a B.C. FLYNN CONTRACTING CORP. d/b/a  :
FLYNN CONTRACTING CORPORATION.            :
                                          :    MARCH 30, 2004
          Defendant.                      :
-----------------------------------------------------------x

### THIRD MOTION FOR ENLARGEMENT OF TIME

The Plaintiffs hereby respectfully move for an order enlarging the time in which the parties are required to complete depositions pursuant to the Rule 26 scheduling orders. The grounds for this Motion are, that on January 14, 2004, the Defendant filed a Motion in Limine to exclude certain testimony and evidence regarding damages for lost profits. The theory upon which the motion is based is that the damages claimed for lost profits under the breach of contract count were not foreseeable and therefore, Connecticut law precludes recovery of them.

On or about March 1, 2004 the Plaintiffs filed an objection to the motion along with a memorandum of law in support of the objection. The Defendant, in its answer, allege various affirmative defenses. In general terms, the defenses raise issues surrounding

estoppel, waiver, unclean hands, laches, Plaintiffs' own negligence or the complete lack of damages. There was nothing in the pleading that would have put the Plaintiff on notice of this particular defense. As such, until the Motion in Limine was filed, there was no reason for the Plaintiff to conduct the discovery it now seeks to engage in.

Specifically, what the Plaintiffs wish to do is depose three employees of the Defendant. In addition, the Plaintiff, upon completion of those depositions, may need to depose two employees of a non-party corporation. The non-party corporation was the supplier of the fire wrapping material used by the Defendant in performing its obligations under the contract at issue in this case.

The Plaintiffs are requesting an enlargement of time until May 7, 2004 to complete the depositions. This court has scheduled a settlement conference for May 17, 2004. The enlargement of time will not delay the adjudication of this case in any fashion. In fact, the completion of these depositions prior to the settlement conference has the distinct possibility of improving the likelihood that the Court can successfully mediate a settlement of this matter on the 17th. After the depositions, each party will be in a better position to determine the relative strength or weakness of the Defendants' foreseeability claim.

Since there will be no delay in the adjudication of this matter, and no prejudice would come to the Defendant by granting the enlargement of time, The Plaintiffs respectfully

request this Court to enlarge the time for taking depositions in accordance with the following schedule and that the scheduling order be modified, *nunc pro tunc*, as follows:

1. Plaintiffs' depositions of the Defendants' employees shall be concluded on or before April 23, 2004.

2. Plaintiffs' deposition of the non-party witnesses shall be concluded on or before May 7, 2004.

Two prior applications have been made for the relief sought herein.

THE PLAINTIFFS

By /s/ David S. Feldman
David S. Feldman
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06830
203 661-4200

## CERTIFICATION

The undersigned hereby certifies that a copy hereof was sent by facsimile and first class mail, postage pre-paid, this 30th day of March 2004, to:

Anthony P. Carlucci, Jr., Esq.
Paul Ryan, Esq.
Michael J. Barnaby, Esq.
Welby, Brady & Greenblatt, LLP
Westchester Financial Center
50 Main Street
White Plains, N.Y. 10606

*David S. Feldman* (signature)
David S. Feldman