UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
JAMESON ENTERPRISES, INC. D/B/A
JAMESON'S PUB AND RESTAURANT and
PATRICK J. KENNEDY,

                       Plaintiffs,

    -against-

B.C. FLYNN CONTRACTING CORP. A/K/A
B.C. FLYNN CONTRACTING CORP D/B/A
FLYNN CONTRACTING CORPORATION

                       Defendant.
-----------------------------------------------------------------X

FILED
APR 5   I 06 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Case No. 302CV409 (MRK)

**OBJECTION TO MOTION
FOR ENLARGEMENT**

      Defendant hereby respectfully submits objection to Plaintiffs' Third Motion for Enlargement of Time (the "Motion") in reference to the above noted matter.

      As Your Honor will recall, during our conference call of January 6, 2004, all counsel were provided with an opportunity to advise of any further discovery requirements. Counsel indicated all discovery was complete. Further, Your Honor advised that the Court would be disinclined to provide any further extensions of time given the current status of the matter, and the parties' prior requests to enlarge time for discovery.

      Plaintiffs' Motion requests additional time for discovery based upon the assertion that defendant filed a motion *in limine* to exclude certain testimony on or about January 14, 2004. Plaintiffs fail to explain why it took in excess of two (2) months for plaintiffs to seek an enlargement of time.

      Additionally, although plaintiffs claim that they need discovery to deal with what they consider to be a lack of notice concerning this particular defense, defendant's special defenses clearly put plaintiffs on notice of the possibility of this defense being raised.

Plaintiffs have had more than enough time to request depositions of defendant's employees, and having not done so, have waived their right to this discovery by virtue of their failure to avail themselves of discovery in a timely fashion. Further, plaintiffs have not only discovery from this matter, but discovery from the prior Housing Court matter, which involved testimony by employees of defendant.

There has been nothing new introduced into this litigation which should allow plaintiffs to conduct discovery well beyond the time allotted by Court Order. This coupled with the fact that plaintiffs waited in excess of two (2) months from the filing of the motion *in limine* to seek leave of court to enlarge time for discovery dictates against extending discovery deadlines.

As set forth within plaintiffs' Motion, this matter is currently scheduled for a May 7, 2004 settlement conference before Magistrate Garfinkel. It is defendant's opinion that no further discovery or further expense should be incurred prior to the scheduled settlement conference.

As such, defendants do claim that they will be prejudiced should further discovery be allowed, due to the time and expense that would be expended, and therefore object to plaintiff's request for an enlargement of time to conduct discovery.

Dated: April 2, 2004

                        WELBY, BRADY & GREENBLATT, LLP

                        By_____
                        Paul Ryan ct19433
                        Attorneys for Defendant
                        200 Sound Beach Ave. P.O. Box 622
                        Old Greenwich, CT 06870
                        203 637-1044

## CERTIFICATION

The undersigned hereby certifies that a copy hereof was sent by facsimile and first class mail, postage pre-paid, this 2nd day of April, 2004

Philip D. Russell
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06836
203-661-4200


Paul G. Ryan